IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br>    Plaintiff,<br>                        v.<br>LANIE MCDOUGAL, and BARNEY RAWLS,<br>    Defendants. | Civil Action No.<br>1:22-cv-01706-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff State Farm Fire and Casualty Company's motion for summary judgment [ECF 19] against Defendants Lanie McDougal and Barney Rawls. For the following reasons, State Farm's complaint against McDougal and Rawls is **DISMISSED WITHOUT PREJUDICE** and State Farm's pending motion for summary judgment is **DENIED AS MOOT**.

This case arises out of a car accident between McDougal and Rawls.[1] Rawls was a Lyft driver and, at the time of the accident, was logged onto the Lyft network and available to accept rides.[2] Lyft and its drivers are insured by State Farm under a policy providing for different liability limits depending on the circumstances of the accident.[3] In light of what it believed to be the applicable liability limit, State

---

[1]   ECF 19-2, ¶¶ 2–4, at 1–2.

[2]   *Id.* ¶ 5, at 2.

[3]   ECF 1-1, at 6–7.

1

Farm settled with McDougal for $50,000, in exchange for McDougal's release of Rawls from liability.[4]

Notwithstanding that release, and almost a year after it was executed, McDougal sued Rawls and State Farm in state court (the Underlying Action) alleging—as best this Court can tell—that Rawls had lied about material facts that would have triggered a higher liability limit under the policy.[5] Another year elapsed before State Farm filed this action in response, seeking a declaration that $50,000 was the applicable liability limit and that its settlement with McDougal remains enforceable.[6] Discovery in the case ended in October 2022, after which the parties filed nothing on the docket for over six months. In July 2023, the Court issued an order to show cause why the case should not be dismissed for want of prosecution.[7] State Farm responded to the court's order, providing no reason for its delay and submitting the instant motion for summary judgment.[8]

However, the Court neither decides whether the case should be dismissed for want of prosecution nor reaches the merits of State Farm's motion, because it determines that State Farm's complaint, on its face, fails to establish subject matter

---

[4]  ECF 19-2, ¶¶ 12–13, at 3–4.
[5]  *See* ECF 1, ¶¶ 24–25, at 7.
[6]  *Id.* ¶ 28, at 8.
[7]  July 10, 2023 D.E. (Order to Show Cause).
[8]  ECF 18.

jurisdiction. The Court must examine its own jurisdiction regardless of whether the issue is raised by the parties. *Wooden v. Bd. of Regents*, 247 F.3d 1262, 1271 (11th Cir. 2001). Where, as here, a party seeks to establish federal subject matter jurisdiction based on diversity,[9] the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

"[T]he amount in controversy is the monetary object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). The same rule applies when the plaintiff seeks declaratory relief: in such cases, "the value of declaratory relief is the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014). Here, the value of declaratory relief is the value of the settlement that State Farm is seeking to enforce, which is $50,000. Because the complaint fails to allege the statutorily required amount in controversy, the Court lacks subject matter jurisdiction and this case must be dismissed without prejudice. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008).

---

[9]   ECF 1, at ¶ 11.

State Farm's complaint is **DISMISSED WITHOUT PREJUDICE**. State Farm's pending motion for summary judgment [ECF 19] is **DENIED AS MOOT**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 29th day of March, 2024.

                                                Steven D. Grimberg
                                      United States District Judge